Stuart M. Price, CA #150439
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5564
F: (818) 600-5464
E: stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Brenda Thompson*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| Brenda Thompson,<br><br>      Plaintiff<br><br>v.<br><br><br>Capital One Bank (USA), N.A.,<br><br>      Defendant. | **Case No. 5:18-cv-160**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227 *et. seq.*<br>2. TDCA, Tex. Fin. Code Ann. § 392 *et. seq.*<br>3. Intrusion Upon Seclusion<br>4. Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*<br><br>(Unlawful Debt Collection Practices) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brenda Thompson ("Plaintiff" or "Ms. Thompson"), through her attorneys, allege the following against Capital One Bank (USA), N.A., ("Defendant" or "Capital One"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that

broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Texas Debt Collections Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

4. Count IV Plaintiff's Complaint is based upon Tex. Civ. Prac. & Rem. Code § 41.001*et seq.*, which allows a Plaintiff to recover exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in Mount Pleasant, Texas.

9. Plaintiff is a "consumer" as defined by *Tex. Fin. Code Ann. § 392.001(1)).*

10. Defendant is a "debt collector" as defined by *Tex. Fin. Code Ann. § 392.001(6).*

11. Defendant is a "creditor" as defined by *Tex. Fin. Code Ann. § 392.001(3).*

12. Defendant, Capital One Bank (USA) N.A, is a national banking association headquartered in Virginia, and that engages in business in Colorado. Defendant can be served with process at 1680 Capital One Drive, McLean, VA 22102.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. Defendant is attempting to collect an alleged debt from Ms. Thompson.

2. In or around July 2018, Defendant began placing calls Ms. Thompson' cell phone number ending in "5348."

3. The calls placed by Defendant mainly originated from (800) 365-2024 and (800) 955-6000. Upon information and belief, these phone numbers are owned, operated or controlled by Defendant or its agent(s).

4. On or about July 12, 2018, at 9:45 a.m., Ms. Thompson received a call on her cell phone from (800) 365-2024.

5. Ms. Thompson answered the phone and heard a short pause before the Defendant began to speak. During this conversation, Defendant's representative indicated that Defendant was attempting to collect a debt. Ms. Thompson clearly stated that she was going through a financial hardship, that she could not make a payment, that she wanted the calls to stop and that she would call Defendant when she was able to make a payment.

6. Throughout the entire discussion and after the call, Ms. Thompson suffered from anxiety and stress.

7. Later that day, Defendant called Ms. Thompson despite having just spoken to her wherein she explained her inability to make a payment and her desire for no further calls.

8. Defendant continued to call her throughout the months of July, August, September, October, November, and December 2018.

9. Again, on or about September 21, 2018, at 1:32 p.m., Ms. Thompson received a call from (800) 365-2024.

10. Ms. Thompson answered the phone and heard a short pause before the Defendant's representative began to speak. During this conversation, Defendant's representative indicated that Defendant was attempting to collect a debt.

11. During the conversation, Ms. Thompson stated that she already spoke to Defendant before and explained that she was going through a tough time.

12. Further, Ms. Thompson explained that she suffers from depression, that she is disabled and unemployed and unable to make a payment. Ms. Thompson apologized to Defendant and inquired as to why Defendant used such aggressive collection practices.

13. Again, Defendant ignored Ms. Thompson's request to stop calling and even called her later that same day at 4:08 p.m.

14. Again, on or about November 8, 2018, at 3:21 p.m., Ms. Thompson received a call on her cell phone from (800) 365-2024.

15. Ms. Thompson answered the phone and heard a short pause before the Defendant's representative began to speak. During this conversation, Defendant's representative indicated that Defendant was attempting to collect a debt.

16. During the conversation, Ms. Thompson stated that she already spoke to Defendant multiple times and explained her current financial and medical situation.

17. Further, Ms. Thompson stated that every time Defendant calls her, she has anxiety and becomes really stressed out. Ms. Thompson stated that she could not make a payment and if Defendant wanted to communicate with her, Defendant should only communicate in writing.

18. Ms. Thompson stated to Defendant's representative that she would call Defendant when she was able to make a payment.

19. Defendant ignored Ms. Thompson's third (3rd) request for the calls to stop and continued to call her through the month of November 2018.

20. Between July 12, 2018 and December 5, 2018, Ms. Thompson received approximately two-hundred (200) phone calls to her cellular phone after three.

14. There were several occasions where the Defendant called Ms. Thompson multiples times in one day.

    a. Defendant called Ms. Thompson three (3) times in a day on many days including but limited to:

        i. July 14, 2018

        ii. July 24, 2018

        iii. July 26, 2018

        iv. July 27, 2018

        v. August 21, 2018

        vi. August 23, 2018

        vii. August 24, 2018

    b. On or about July 18, 2018, Defendant called Ms. Thompson five (5) times and called multiple times per day on many other days.

15. Ms. Thompson also received numerous pre-recorded voicemail messages on her cell phone from Defendant.

16. Defendant's calls were excessive and done with the purpose of attempting to harass Ms. Thompson into making a payment on the account.

17. Defendant's calls violated the TDCA, § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

18. Defendant was aware that Ms. Thompson suffered from depression, and that the calls caused her to suffer from anxiety and stress because Ms. Thompson explained her medical situation on more than one (1) occasion.

19. Defendant had actual knowledge of Ms. Thompson's financial and medical condition and Defendant continued its campaign of automated calls in complete conscious disregard of Ms. Thompson's rights and safety.

20. Defendant's actions were done to cause substantial injury or harm to Ms. Thompson to induce her to make a payment.

21. Defendant's conduct was malicious and/or grossly negligent and was done with the intention of causing Ms. Thompson such distress, so as to induce her to pay the debt.

22. Further, the conduct was done with such frequency so as to continuously harass Ms. Thompson and cause her to suffer from anxiety, stress, emotional and mental pain and anguish.

23. Ms. Thompson has suffered from depression and anxiety for almost nine (9) years and she has been prescribed multiple medications to help with her medical conditions.

24. Ms. Thompson has been disabled since 2011 and has been unable to work.

25. Ms. Thompson relies exclusively on social security disability to pay for all her basic necessities.

26. In addition, Ms. Thompson is the sole guardian and caretaker of her granddaughter.

27. Ms. Thompson does not receive any financial assistance from anywhere other than social security disability.

28. Every single phone call from Defendant caused Ms. Thompson to suffer anxiety, stress, headaches, emotional and mental pain and anguish.

29. After each and every discussion with Defendant, Ms. Thompson suffered from an anxiety and panic attack.

30. Additionally, as a result of Defendant's conduct, Ms. Thompson has sustained actual damages including but not limited to, anxiety, stress, headaches, hopelessness, frustration, depression, and emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . ."

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff home telephone using an artificial or prerecorded voice to deliver a message without the Plaintiff's prior express consent.

33. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff are entitled to

an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the TDCA, Tex. Fin. Code Ann. § 392 *et seq*.)**

34. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

35. Defendant violated the TDCA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

36. Defendant's acts, as described above, were done knowingly and willfully.

37. As a result of the foregoing violations of the TCDA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the TCDA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

**(Intrusion Upon Seclusion)**

38. Plaintiff incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's daily and sleep schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## COUNT IV

## (Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*)

42. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43. Tex. Civ. Prac. & Rem. Code § 41.001 allows a Plaintiff to recover exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."

44. Tex. Civ. Prac. & Rem. Code § 41.001(2) defines "clear and convincing" as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."

45. Tex. Civ. Prac. & Rem. Code § 41.001(7) defines "malice" as "a specific intent by the defendant to cause substantial injury or harm to the claimant."

46. Tex. Civ. Prac. & Rem. Code § 41.001(2) defines "gross negligence" as "an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others."

47. Plaintiff is informed and believes that the aforesaid conduct was malicious and grossly negligent, as those terms are defined by Tex. Civ. Prac. & Rem. Code § 41.001(1)-(11), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights and safety.

48. Defendant was aware that Plaintiff requested to not be called anymore, that Plaintiff suffered from depression and anxiety, that Defendant's phone calls caused Plaintiff stress and anxiety, that Plaintiff was disabled and unemployed, that Plaintiff did not have money to make a payment, and yet, Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, TCDA, and Plaintiff's privacy rights.

49. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brenda Thompson respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., for the following:

A. Declaratory judgment that Defendant violated the TCPA and TDCA;

B. Actual damages pursuant to Ten. Fin. Code Ann. § 392.403(a)(2);

C. Cost and reasonable attorneys' fees pursuant to Ten. Fin. Code Ann. § 392.403(b);

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

F. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 20, 2018

By: /s/*Stuart M. Price*
Stuart M. Price, CA #150439
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5564
F: (818) 600-5464
E: stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Brenda Thompson*